FARMER AND WIFE *v.* MILAN et al.

Payment — When to be Credited on Note No Date Being Stated — Pleading
Consideration — Misprision.

By failing to state the date of the payment of $250 on the mortgage
debt, if nothing appeared in the record from which the time could be
fixed, the credit should have been entered as of the date of the maturity
of the debt.

The petition need not set out the consideration for the assignment of
a note.

If the case was heard before it stood for trial, that according to
section 578, Civil Code, is a clerical misprision, which cannot be corrected
on appeal, but by motion when judgment was rendered.

February 17, 1864.

OPINION OF THE COURT BY JUDGE PETERS:

The original petition, although not in very concise language,
contains a statement of facts which are deemed sufficient to con-
stitute a cause of action, and by failing to state the date of the
payment of the $250 on the mortgage debt, if nothing appeared
in the record from which the time could be fixed, the credit
should have been entered as of the date of the maturity of the debt.

It is not deemed necessary to enable Milan to sustain the ac-
tion, that he should have set out the consideration for the assign-
ment of the notes to him, nor was it material to appellants, except
that so much of the payments which he might make on the notes,
as was required to pay the mortgage debt, should be applied to its
discharge, and thereby relieve the land from that incumbrance.

If the case was heard before it stood for trial, that, according
to section 578, Civil Code, is a clerical misprision, and this court
cannot correct the error, but the remedy would have been by motion
in the court when the judgment was rendered, upon reasonable
notice being given to the adverse party or his attorney in the
action.  § 580, Civil Code.

According to our calculation, which is believed to be correct,
the payment on the note due the 15th of January, 1861, as set
out in the petition, exceeds the amount due thereon, including the

interest, $43.62. But the answer denies that the $250, admitted in the original petition to have been paid on the mortgage debt, constituted any part of the payments on the notes set out in the amended petition, and in a subsequent part of the answer it is said in substance that the balance due on the mortgage debt is less by $300 than the data furnished by the plaintiff would show it to be, which must be understood as only controverting $300 of the balance claimed by the plaintiff below, and in that $300 may be included the $250 which it is denied constituted any part of the payments made on the notes, and also the $43.62, the overpayment of the note due 15th of January, 1861, for which, on the final hearing, a credit can be given.

As no judgment was rendered for the $300 controverted by the answer, we perceive no error for which to reverse the judgment, and it is, therefore, affirmed.